UNITED STATES of America,
Plaintiff–Appellee,

v.

Thomas C. SLACK, Defendant–
Appellant.

Nos. 01–3377, 01–3378.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 6, 2002.[1]

Decided Feb. 6, 2002.

Before BAUER, KANNE, and DIANE P. WOOD, Circuit Judges.

### ORDER

After learning that he had been indicted for wire fraud in Indianapolis on November 16, 1999, Thomas Slack directed his attorney to arrange a voluntary initial appearance in lieu of arrest. Slack's counsel promised prosecutors that Slack would surrender on December 7, 1999, but no court date was set. Prosecutors took no steps to execute the arrest warrant that had issued with the indictment, and sometime before the surrender date Slack informed his attorney that he would not surrender as scheduled due to "health problems." Neither Slack nor his then-attorney relayed this information to the government, arranged an alternative surrender date, or told the government where Slack could be found. Slack never surrendered but eventually was arrested in Orlando, Florida, on March 3, 2000. Shortly after his arrest, a second indictment against Slack was returned in the District of Massachusetts based on another fraudulent scheme. That case was transferred to

---

1. Appellant waived any entitlement to oral argument in this case, and the court agreed that the case was appropriate for decision on the briefs and record. *See* Fed. R.App. P. 34(a)(2), (f).

Indiana under Federal Rule of Criminal Procedure 20, and with new counsel Slack pleaded guilty to wire fraud, 18 U.S.C. § 1343 (Count I of the Indiana indictment) and conspiracy to commit wire fraud and interstate transfer of fraudulently-obtained money and securities, 18 U.S.C. §§ 371, 1343, 2314 (Count I of the Massachusetts indictment). The district court found that Slack's pre-arrest conduct amounted to "calculated evasion," and, relying on *United States v. Porter*, 145 F.3d 897 (7th Cir.1998), increased Slack's offense level by two based on obstruction of justice, *see* U.S.S.G. § 3C1.1, and sentenced him to concurrent 36–month terms of imprisonment under two separate judgments. Slack appeals both, arguing that the obstruction adjustment was erroneous.

■ Section 3C1.1 requires a two-level increase where a defendant "willfully obstruct[s] or impede[s], or attempt[s] to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." The guideline also lists examples of "less serious" conduct, such as "[f]leeing from or avoiding arrest," that ordinarily warrant only an increase within the applicable sentencing range. Despite this language we upheld an obstruction adjustment in *Porter*, a case very similar to Slack's: Porter left the jurisdiction without informing prosecutors of his whereabouts, but knowing that his indictment was imminent and that his attorney was in the process of negotiating his surrender. *Porter*, 145 F.3d at 901–04. Porter had changed his hair color and was using an alias when he was arrested two months later in another state. *Id.* at 902.

Our opinion in *Porter* also acknowledged, but implicitly rejected, a case in which the Eleventh Circuit concluded that nearly identical facts did *not* support an obstruction adjustment. *See id.* at 904,

*United States v. Alpert*, 28 F.3d 1104 (11th Cir.1994) (en banc). But Slack does not contend that *Porter* was wrongly decided; he argues instead that *Porter* is distinguishable because Slack, unlike Porter, neither used an alias nor changed his appearance. A careful reading of our opinion in *Porter* reveals that we noted these two aspects of Porter's scheme only to illustrate that Porter's obstructive conduct could not be characterized as "spontaneous." *See Porter*, 145 F.3d at 904. The distinction is unimportant here because Slack does not contend that he acted spontaneously. Moreover, any such contention would be frivolous given the district court's extensive findings on Slack's motion to revoke his detention order.

The district court found, after hearing testimony from Slack and his former attorney and considering "extensive evidence about Slack's physical condition," that Slack's attorney was not to blame for Slack's failure to surrender: Slack's attorney repeatedly advised Slack to turn himself in, but Slack intentionally concealed his whereabouts from his own attorney, permitting contact only through an answering service and taking care not to provide his attorney with any details about his medical treatment despite counsel's repeated requests for records to corroborate Slack's story, and specifically instructing counsel not to tell the government about his medical reasons for failing to surrender or discuss an alternative surrender date until Slack was certain he was ready surrender. Slack, the court found, "simply chose not to surrender because there was no arrangement satisfactory to him." Regarding Slack's medical treatment, the court found that Slack failed to show any of the treatments were urgent, that Slack was healthy enough to travel extensively during his time as a fugitive, and that Slack had agreed to the December 7 surrender date knowing he had previously scheduled surgery for that day. Addition-

ally, the court found that Slack had a long history of failing to appear for criminal proceedings and was "not a trustworthy or credible witness." The district court referenced these findings at Slack's sentencing hearing, yet Slack has not challenged them.

■ Slack's final contention–that obstructive conduct must have a demonstrable effect on the proceedings–is incorrect. Even *attempts* to obstruct justice warrant an upward adjustment, *see e.g., Porter,* 145 F.3d at 904 ("actual prejudice" not required); *Cotts,* 14 F.3d at 307 (rejecting argument that "planning to murder a non-existent informant obstructs nothing"). In any case, the district court found (and Slack concedes) that Slack's conduct "delayed" the proceedings against him, and delay can constitute obstruction. *See, e.g., United States v. Gilleylen,* 81 F.3d 70, 72 (7th Cir.1996).

Accordingly, the judgments in case nos. 01–3377 and 01–3378 are AFFIRMED.